**REYNOLDS & HORN, P.C.**
116 South Raleigh Avenue
Suite 9B
Atlantic City, NJ  08401
609-335-4719
By:  Thomas B. Reynolds, Esquire
(Atty. ID #019311982)
Attorney for Defendant, Officer Joseph Dixon
File No. 8111-TBR

| | |
|---|---|
| AUDRA CAPPS; AND DOUGLAS ROBERT GIBSON, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> JOSEPH DIXON; BRYAN ORNDORF; JODY FARABELLA; CITY OF MILLVILLE; JOHN/JANE DOE(S), <br><br> Defendants. | THE UNITED STATES DISTRICT COURT <br><br> CIVIL NO. 1:19-CV-12002-RMB-AMD <br><br> CIVIL ACTION <br><br> **ANSWER, SEPARTE DEFENSES, CROSSCLAIMS AND JURY DEMAND ON BEHALF OF DEFENDANT OFFICER JOSEPH DIXON** |

DEFENDANT  MILLVILLE  POLICE  OFFICER  JOSEPH  DIXON,  by  way  of

answer to the Complaint of Plaintiffs above, states:

FIRST COUNT


1.   Neither admitted nor denied and plaintiffs are left to their proofs.

2.  This answering defendant does not contest jurisdiction.

3.  This answering defendant does not contest venue.

4.  Neither admitted nor denied and plaintiffs are left to their proofs.

5.  Neither admitted nor denied and plaintiffs are left to their proofs.

6.  Neither admitted nor denied and plaintiffs are left to their proofs.

7.  Admitted.

8.  Admitted

9.  Admitted

10.  Admitted this answering defendant was and is employed by the City of Millville.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Neither admitted nor denied and plaintiffs are left to their proofs.

16.  Denied this answering defendant is liable to plaintiff.

17.  Neither admitted nor denied and plaintiffs are left to their proofs.

18.  Denied.

19.  Denied.

20.  Denied.

21.  Denied.

22.  Denied.

23.  Admitted this answering defendant administered field sobriety tests.

24.  Denied that excessive force was used.

25.  Neither admitted nor denied and plaintiffs are left to their proofs.

26.  Denied.

27.  Admitted that plaintiff did not properly perform field sobriety tests.

28.  Neither admitted nor denied and video evidence speaks for itself.

29. Admitted that this answering defendant attempted to handcuff plaintiff behind her back, and that plaintiff resisted.

30. Admitted that plaintiff resisted lawful arrest.

31. Denied.

32. Admitted that plaintiff resisted lawful arrest.

33. Neither admitted nor denied and video evidence speaks for itself.

34. Denied.

35. Denied.

36. Denied that excessive force was used.

37. Neither admitted nor denied and video evidence speaks for itself.

38. Admitted that plaintiff was placed in custody.

39. Denied.

40. Denied.

41. Admitted that plaintiff was charged with various offenses; denied that plaintiff's rights were violated.

42. Admitted that plaintiff was properly stopped, arrested, and charged.

43. Denied.

44. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

45. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

46. Denied.

47. Denied.

48. Denied.

49. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

50. Denied.

51. Denied.

52. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

53. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

54. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

55. Neither admitted nor denied and the Attorney General Policy in its entirety speaks for itself.

56. Denied.

57. Neither admitted nor denied and plaintiffs are left to their proofs.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Neither admitted nor denied and the Millville Police Department Rules and Regulations in their entirety speak for themselves.

63. Denied.

64. Denied.

65.  Denied that applicable standards were violated by this answering defendant.

66.  Denied.

67.  Denied.

68.  Denied.

69.  Denied.

70.  Denied.

71.  Admitted that report speaks for itself.

72.  Denied.

73.  Denied.

74.  Denied.

75.  Denied.

76.  Denied.

77.  Denied.

78.  Neither admitted nor denied and the Millville Police Department's policy in its

     entirety speaks for itself.

79.  Denied.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied.

89.  Denied.

90.  Denied.

91.  Denied.

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100.      Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment, dismissing the complaint with prejudice, together with fees and costs of suit.

## SECOND COUNT

101.      This answering defendant repeats his answer to the preceding paragraphs as if set forth at length herein.

102.      Neither admitted nor denied and plaintiffs are left to their proofs.

103.      Denied.

104.      Denied.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Neither admitted nor denied as argument and applicable legal principles are not disputed.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment, dismissing the complaint with prejudice, together with fees and costs of suit.

## THIRD COUNT

109.     This answering defendant repeats his answer to the preceding paragraphs as if set forth at length herein.

110.     Jurisdiction is admitted.

111.     Denied that such data is relevant.

112.     Denied that such data is relevant.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.    Admitted this answering defendant acted appropriately.

122.    Denied.

123.    Admitted this answering defendant acted appropriately.

124.    Denied that this answering defendant violated plaintiff's rights.

125.    Neither admitted nor denied and plaintiffs are left to their proofs.

126.    Denied.

127.    Denied.

128.    Denied that this answering defendant violated plaintiff's rights.

129.    Admitted this answering defendant acted appropriately.

130.    Neither admitted nor denied and plaintiffs are left to their proofs.

131.    Denied.

132.    Denied.

133.    Admitted.

134.    Denied that this answering party violated plaintiff's rights.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied

151.    Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with fees and costs.


FOURTH COUNT

152.    This answering defendant repeats his answer to the allegations contained in the preceding paragraphs as if set forth at length herein.

153.    Neither admitted nor denied and plaintiffs are left to their proofs.

154.    Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with fees and costs of suit.


FIFTH COUNT

155.     This answering defendant repeats his answer to the allegations of the paragraphs above as if set forth at length herein.

156.     Neither admitted nor denied and plaintiffs are left to their proofs.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with fees and costs of suit.

SIXTH COUNT

161.     This answering defendant repeats his answers to the allegations of the preceding paragraphs as if set forth at length herein.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.

SEVENTH COUNT

166.      This answering defendant repeats his answer to the allegations of the paragraphs set forth above as if set forth at length herein.

167.      Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.

## EIGHTH COUNT

168.      This answering defendant repeats his answer to the allegations of the preceding paragraphs as if set forth at length herein.

169.      Denied.

170.      Denied.

171.      Denied.

172.      Denied.

173.      Denied.

174.      Denied.

175.      Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.

## NINTH COUNT

176.      This answering defendant repeats his answer to the preceding paragraphs as if set forth at length herein.

177.      Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.


TENTH COUNT

183.     This answering defendant repeats his answers to the preceding paragraphs as if set forth at length herein.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.


ELEVENTH COUNT

188.     This answering defendant repeats his answers to the preceding paragraphs as if set forth at length herein.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.


TWELFTH COUNT

193.    This answering defendant repeats his answers to the preceding paragraphs as if set forth at length herein.

194.    Denied.

195.    Admitted that this answering defendant was and is an employee of City of Millville.

196.    Admitted that this answering defendant acted within the scope of his employment.

197.    Denied that this answering defendant is liable to plaintiff.

198.    Denied.

WHEREFORE, Defendant Millville Police Officer Joseph Dixon demands judgment dismissing the complaint, with prejudice, together with costs of suit and fees.


**SEPARATE DEFENSES**

## FIRST SEPARATE DEFENSE

The answering Defendants hereby raises the pertinent Statute of Limitations

defenses.

## SECOND SEPARATE DEFENSE

The answering Defendants hereby raise all defenses available under the Affidavit of

Merit of Statue. N.J.S.A. 2A:53-26, et seq.

## THIRD SEPARATE DEFENSE

The answering Defendants specifically deny negligence.

## FOURTH SEPARATE DEFENSE

The answering Defendants performed each and every duty owed to the plaintiff.

## FIFTH SEPARATE DEFENSE

The answering Defendant deny Plaintiff's claims of proximate causation.

## SIXTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by sole negligence of the plaintiff.

## SEVENTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by the acts of others than the answering defendants and the defendants hereby pleas the Comparative Negligence Act of the State of New Jersey. N.J.S.A. 2A:15-1, et seq.

## EIGHTH SEPARATE DEFENSE

The losses and injuries alleged by Plaintiff were caused by and arose out of risks of which the plaintiff had full knowledge and had assumed.

## NINTH SEPARATE DEFENSE

The answering defendants fulfilled all duties and obligations to properly inform the patient of all potential risks and complications.

## TENTH SEPARATE DEFENSE

The negligence, if any, was that of others over whom the answering defendants owed no duty and to whom these answering defendants exercised no control.

## ELEVENTH SEPARATE DEFENSE

The Plaintiff has failed to state a cause of action upon which relief may be granted.

## TWELFTH SEPARATE DEFENSE

The answering Defendants asserts that plaintiff's alleged losses and injuries are the result of an act by an independent intervening agency or instrumentality over which the answering Defendants had no power or control.

## THIRTEENTH SEPARATE DEFENSE

To the extent that it may be applicable, plaintiff's complaint is barred by laches.

## FOURTEENTH SEPARATE DEFENSE

To the extent that it may be applicable, Defendants raises the affirmative defense of *res judicata*.

## FIFTEENTH SEPARATE DEFENSE

The proximate cause of the alleged injuries was the existing and pre-existing physical condition of the Plaintiff.

## SIXTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiff's Complaint is barred or limited by lack of personal and/or subject matter jurisdiction.

## SEVENTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiff's claims are barred or limited by the entire controversy doctrine.

## EIGHTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiff's claim is barred by the provisions of the New Jersey Tort Claims Act.

## NINETEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiff's claim is barred and/or limited by the New Jersey Wrongful Death Act, N.J.S. A. 2A:3.1 et seq.

## TWENTY SEPARATE DEFENSE

To the extent applicable, defendant (s) raises all defenses under the New Jersey Property-Liability Insurance Guaranty Association Act. N.J.S. A. 2A:15-97.

## TWENTY FIRST SEPARATE DEFENSE

To the extent applicable, defendant(s) is entitled to a credit for any and all medical bills or other benefits for which plaintiff either received or is entitled to received benefits from any collateral source pursuant to N.J.S. A. 2A:15-97.

## TWENTY SECOND SEPARATE DEFENSE

The answering Defendants are not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of N.J.S. A. 59:2-2(b).

## TWENTY THIRD SEPARATE DEFENSE

The answering Defendants are immune from liability pursuant to the provisions of N.J.S. A. 59:3-1, et. seq.

## TWENTY FOUR SEPARATE DEFENSE

The answering Defendants assert the applicability of the provisions of N.J.S. A. 59:2-3 through 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

**TWENTY FIVE SEPARATE DEFENSE**

The answering Defendants asserts the applicability of the provisions of N.J.S.A.
59:8-3 through 59:8-7 regarding failure to provide adequate and timely notice of
claim.

**TWENTY SIX SEPARATE DEFENSE**

The answering Defendants assert the applicability of the provisions of N.J.S.A.
59:8-8 through 59:8-11 regarding failure to timely file a notice of claim and/or
failure to file a notice of claim as set forth therein.

**TWENTY SEVEN SEPARATE DEFENSE**

Any recovery to which the Plaintiff might otherwise be entitled is subject to
reduction in accordance with the judgments, damages and interest provided in
N.J.S.A. 59:9-2.

**TWENTY EIGHT SEPARATE DEFENSE**

The answering Defendants assert the applicability of N.J.S.A. 59:9-3 and 59:9-4
regarding joint tortfeasors and the comparative negligence of the Plaintiff.

**TWENTY NINE SEPARATE DEFENSE**

The answering Defendants, by pressing the aforementioned defense(s), do not
intend to limit his defenses and/or rights under the Act, and hereby affirmatively
plead the procedural and substantive provisions of the New Jersey Tort Claims
Act [N.J.S.A. 59:1-1, et. seq.] which provisions are applicable and have not been
previously cited in this Answer.

**THIRTY SEPARATE DEFENSE**

The answering Defendants did not act with malice but did act in good faith, therefore, the Plaintiff is not entitled to damages.

## THIRTY ONE SEPARATE DEFENSE

The answering Defendants assert that the actions taken by the answering Defendants were subject to immunity or partial immunity or authorized by law.

## THIRTY TWO SEPARATE DEFENSE

The answering Defendants assert that the actions taken by the answering Defendants were subject to absolute and/or qualified immunity under U.S. Constitutional and New Jersey Constitutional Law.  The answering Defendants assert that the Plaintiff has failed to plead any constitutional violations with such specificity as to state a cognizable claim under 42 U.S.C.A. §1983 or N.J.S.A. 10:6-2.

## THIRTY THREE SEPARATE DEFENSE

Defendants are immune from claims for Punitive Damages under State and Federal Constitutional, Statutory, and Case Law, and Plaintiff has failed to state a cause of Action to warrant recovery of Punitive Damages.

## THIRTY FOUR SEPARATE DEFENSE

The answering Defendants assert that the Plaintiff's Fourteenth Amendment claims must be dismissed as a matter of law because claims made against law enforcement Officers alleging excessive use of force are properly analyzed under the Fourth Amendment. Plaintiff was not denied procedural or substantive due process or equal protection under the law.

## THIRTY FIVE SEPARATE DEFENSE

Defendants hereby reserves the right to amend the Answer to assert additional separate defenses as revealed or suggested by the completion of ongoing investigation and discovery. The answering defendants deny each and every allegation of any and all Cross- Claims, which may have been or may be asserted against defendants.

## THIRTY SIX SEPARATE DEFENSE

Defendant hereby raises the defense that plaintiff failed to properly issue and serve the summons in a timely manner following the filing of the complaint, pursuant to applicable New Jersey Court Rules.

## CROSS CLAIMS

This answering party hereby asserts cross claims against co-defendants for indemnification and or contribution as may be appropriate.

## JURY TRIAL DEMAND

Defendant Township of Hamilton hereby demands a Trial by jury as to all issues.

## RULE 4:5-1 CERTIFICATION

Pursuant to Rule 4:5-1 I hereby certify that to the best of my knowledge, information and belief, the subject matter of the within action is not the subject of any other pending court or arbitration proceedings, and the undersigned is unaware of the identities of any parties who should be added to this litigation, at this time.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Thomas B. Reynolds, Esquire is hereby designated as trial counsel for the

defendant, Township of Hamilton, in the above captioned matter.


**REYNOLDS & HORN, P.C**.


By: s//  Thomas B. Reynolds
THOMAS B. REYNOLDS, ESQUIRE
Attorney for Defendant Officer Joseph Dixon

Dated:  7-30-2019