EXHIBIT D--Dixon Motion (Capps v. Millville, et als.)

```
                                SUPERIOR COURT OF NEW JERSEY
                                CRIMINAL DIVISION
                                CUMBERLAND COUNTY
                                INDICTMENT NO. 19-11-1113 S/B
                                A-_____
STATE OF NEW JERSEY,     )
                         )
                         )       TRANSCRIPT
          Plaintiff,     )
                         )
     v.                  )
                         )            OF
JOSEPH S. DIXON,         )
                         )
                         )
          Defendant.     )       PLEA

                         Place: Cumberland County Courthouse
                                60 West Broad Street
                                Bridgeton, NJ 08302

                         Date:  November 20, 2019

BEFORE:

   THE HONORABLE ROBERT G. MALESTEIN, J.S.C.

TRANSCRIPT ORDERED BY:

   THOMAS B. REYNOLDS, ESQ.
   Reynolds & Horn, PC

APPEARANCES:

   BRIAN UZDAVINIS, ASSISTANT PROSECUTOR
   Attorney on behalf of the State of New Jersey

   ANDREW M. BUTCHKO, ESQ.
   Helmer, Conley & Kasselman, P.A.
   Attorney on behalf of the Defendant
```

**Sarah D'Agostino, CTR**
**The TYPE-RIGHT-ER**
       **(856)881-2422**
**FAX NO. (856)494-7806**
**E-mail:  Cvendzules@comcast.net**
Audio Recorded
Audio Operator, Ana Garcia

EXHIBIT D--Dixon Motion (Capps v. Millville, et als.)

```
                                                                    2

 1                              INDEX
 2
 3    WITNESSES:
 4
 5    FOR THE STATE          DIRECT    CROSS    REDIRECT   RECROSS
 6
 7    (No Witnesses Sworn)
 8
 9
10    FOR THE DEFENDANT
11
12    Joseph Dixon              9        12
13
14
15    EXHIBITS                   IDENTIFICATION       EVIDENCE
16
17    (No Exhibits)
18
19    COURT DECISION – 12
20
21
22
23
24
25
```

```
                              Colloquy                           3

 1        (Whereupon Proceeding Commenced at 3:40:13 p.m.)
 2             THE COURT:  What's the defendant's name again?
 3             MR. BUTCHKO:   Joseph Dixon.
 4             THE COURT:   State v. Joseph Dixon.  We're on
 5   the record and it is under PROMIS/Gavel 19, double zero,
 6   1626.  Counsel, note your appearances.
 7             MR. UZDAVINIS:   Good afternoon, Your Honor.
 8   Deputy Attorney General Brian Uzdavinis appearing on
 9   behalf of the State.
10             MR. BUTCHKO:   Good afternoon, Your Honor.  May
11   it please the Court, Andrew Butchko of the law firm
12   Helmer, Conley, and Kasselman appearing on behalf of
13   Joseph Dixon.
14             THE COURT:   Okay.  Counsel, go ahead.  I'll
15   hear from you.
16             MR. BUTCHKO:   Thank you, Judge.  Judge, my
17   client is here today to enter guilty pleas to an
18   accusation, a two count accusation, 19-11-1113 A/B.
19   He's going to enter a guilty plea to counts one and two
20   of that accusation charging him with aggravated assault
21   in the third degree.
22             In exchange for his guilty plea there are no
23   dismissals, but the State is prepared to recommend a
24   sentence of probation conditioned upon 364 days in
25   county jail.  The defendant as part of the plea is
```

```
 1      agreeing to a lifetime forfeiture of public office
 2      employment and then I want to note that the Defense at
 3      the time of sentencing intends to move for a civil
 4      reservation upon notice to the State and the Plaintiff
 5      returnable on the day of sentencing, those are the terms
 6      of the plea agreement, Judge.
 7                THE COURT:  Does the State have anything to
 8      add to that?
 9                MR. UZDAVINIS:  No, that's essentially
10      correct, Your Honor.  The plea forms, that are all
11      completed for you, attached to that is a copy of our
12      signed written negotiated plea agreement that spells out
13      these terms.  I also have for you a copy of a consent
14      order signed ordering a lifetime ban and forfeiture of
15      public office and employment.
16                This is a negotiated plea agreement where in
17      exchange for defendant's waiver of indictment and plea
18      of guilty to an accusation charging two counts of third
19      degree aggravated assault and entering that consent
20      order, the State in exchange has agreed to recommend a
21      sentence of probation conditioned on 364 days in county
22      jail.  And we're aware as well, the pending motion for
23      the civil reservation.
24                THE COURT:  Terrific.  Did you guys actually
25      -- do you have an actual accusation prepared?
```

                                  Colloquy                       5

```
 1                MR. BUTCHKO:  I'm gonna hand it up to --
 2                THE COURT:  You can hand it -- all of it up to
 3      me and we'll go through it now then.  Okay.  Sir, can
 4      you raise your right hand please?
 5      J O S E P H   D I X O N, DEFENDANT, SWORN.
 6                THE COURT:  Okay.  You can put your hand down
 7      and relax.  What I need to do with you right now is I'm
 8      going to review with you what your rights are and then
 9      I'm going to review with you the terms of the plea
10      agreement itself.
11                First and foremost, we're going to talk about
12      your right to an indictment by a Grand Jury.  You have a
13      constitutional right to have the State present this to
14      the Grand Jury for their consideration as to whether or
15      not there is probable cause that these crimes were
16      committed and that you were in fact the one who
17      committed the crimes.
18                You're going to waive that right to a Grand
19      Jury proceeding today, but as you know the defendants
20      don't have a right to be present at the Grand Jury and
21      your attorney doesn't have a right to be there either.
22      It's just the State presenting witnesses, but you're
23      gonna nevertheless waive that constitutional right
24      today.  Do you understand that?
25                THE DEFENDANT:  Yes.
```

```
 1                THE COURT:  Do you understand that whether
 2   it's an accusation or whether it is an indictment, you
 3   still would have retained the right to have a jury
 4   trial?  At that jury trial the State would have been
 5   required to prove their case against you beyond a
 6   reasonable doubt.  Your attorney would have had an
 7   opportunity to cross-examine the State's witnesses,
 8   would have had an opportunity to bring in witnesses on
 9   your behalf if you so desired.
10                At the time of trial if you wanted to, you
11   could have testified or if you wanted to remain silent
12   at trial as is your right, you could have done that as
13   well.  Do you understand that?
14                THE DEFENDANT:  Yes.
15                THE COURT:  Do you understand that you're
16   pleading guilty to two third degree aggravated assaults,
17   both count one and two of Accusation 19-11-113?
18                THE DEFENDANT:  Yes.
19                THE COURT:  Do you understand that third
20   degree crimes carry with it up to five years in State
21   Prison and a fine of up to $15,000.00?  You're not
22   getting that, but that is the maximum, do you understand
23   that?
24                THE DEFENDANT:  Yeah.
25                THE COURT:  Do you understand that in exchange
```

Colloquy                                                         7

```
 1   for your plea of guilty to this charge within the
 2   indictment, here's what's going to happen at the time of
 3   sentencing, the State is going to recommend a sentence.
 4   That sentence is going to be 364 days in the Cumberland
 5   County Jail and a term of probation, which will be in
 6   the Court's discretion which can be anywhere between one
 7   and five years.  The attorneys will make their arguments
 8   depending -- your attorney will argue for less, your --
 9   the State will argue for whatever it is that they deem
10   to be appropriate.  Do you understand that?
11                THE DEFENDANT:  Yes.
12                THE COURT:  There will be certain mandatory
13   costs that you're going to have to cover as a result of
14   this plea.  There will be two $50.00 VCCB penalties, two
15   $75.00 Safe Street Assessments, one $30.00 law
16   enforcement penalty.  There will be a $15.00 per month
17   probation supervision fee.  Do you understand that?
18                THE DEFENDANT:  Yes.
19                THE COURT:  Another part of the -- the plea is
20   that you are going to be forfeiting any and all future
21   public employment and, unfortunately, that probably
22   means any pension rights at this point are going to be
23   gone as well; right?
24                THE DEFENDANT:  Yes.
25                THE COURT:  So you understand all that and you
```

```
 1    don't have a problem with that?
 2              THE DEFENDANT:  No.
 3              THE COURT:  You had an opportunity to go
 4    through all of these plea papers with your attorney and
 5    you put your initials on the bottom of each page and
 6    signed the very last page; correct?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  And you also, in fact, even
 9    executed an order on the waiver of the indictment today
10    and you executed the order of forfeiture for employment
11    that you know is going to be effective as well; right?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Do you have any questions about
14    the plea, what your rights are or what you can expect by
15    way of a sentence?
16              THE DEFENDANT:  I do not.
17              THE COURT:  You're satisfied with the services
18    of your attorney?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Are you under the influence of any
21    drugs, medication or alcohol at this time that would
22    impair, influence or affect your ability to make a
23    decision today?
24              THE DEFENDANT:  No.
25              THE COURT:  And you don't have any questions
```

                    J. Dixon – Direct – Mr. Butchko                9

```
 1    for him or me regarding the plea or the rights; correct?
 2              THE DEFENDANT:  I do not.
 3              THE COURT:  And you are a citizen of the
 4    United States?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  You can read and write English?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Counsel, why don't you go ahead
 9    and a get a factual basis for  the two different counts
10    if you could.
11              MR. BUTCHKO:  Thank you, Your Honor.
12    DIRECT EXAMINATION BY MR. BUTCHKO:
13         Q.   Joseph, um, were you in the City of Millville
14    on February 25$^{th}$, 2018?
15    A.   Yes.
16         Q.   And you were a police officer; correct?
17    A.   Yes.
18         Q.   You worked as a police officer that day?
19    A.   Yes.
20         Q.   And you were in uniform?
21    A.   Yes.
22         Q.   Now, on that date you had occasion to make an
23    arrest of an individual, a female, with the initials
24    A.C.; correct?
25    A.   Yes.
```

```
 1       Q.   And during that arrest did you agree that you
 2  recklessly caused significant bodily injury to her?
 3  A.   Yes.
 4       Q.   In fact, she suffered broken ribs in the
 5  course of that arrest; correct?
 6  A.   Yes.
 7       Q.   And would you agree that you were -- you used
 8  excessive force during the course of that arrest?  In
 9  other words, you could have used less force than you
10  used in order to accomplish the arrest; correct?
11  A.   Yes.
12            MR. BUTCHKO:  I believe that's sufficient,
13  Judge.
14            THE COURT:  It is.
15            MR. BUTCHKO:  As to Count One.
16            THE COURT:  Counsel.
17            MR. UZDAVINIS:  I can address both counts
18  together, Your Honor.  (Inaudible).
19            THE COURT:  Okay.  Go ahead then.  Go to the
20  second count.
21  BY MR. BUTCHKO:
22       Q.   Now, you were also in the City of Millville on
23  March 24th, 2018; correct?
24  A.   Yes.
25       Q.   And again, you were working as a police
```

J. Dixon – Direct – Mr. Butchko                              11

```
 1  officer in uniform?
 2  A.   Yes.
 3       Q.   And on that occasion you also had occasion to
 4  make an arrest this time of a female with the initials
 5  T.J.; correct?
 6  A.   Yes.
 7       Q.   And would you agree that in the course of that
 8  arrest that you recklessly caused significant bodily
 9  injury to her?
10  A.   Yes.
11       Q.   And during that arrest you took her to the
12  ground; correct?
13  A.   Yes.
14       Q.   And you used pepper spray on her?
15  A.   Yes.
16       Q.   And you later learned that she had harmed her
17  wrist -- her hip when she was taken to the ground;
18  correct?
19  A.   Yes.
20       Q.   And would you agree that you used more force
21  during the arrest than was necessary under the
22  circumstances?
23  A.   Yes.
24            MR. BUTCHKO:  I believe that's sufficient,
25  Judge.
```

```
 1              THE COURT:  Go ahead, Counsel.
 2   CROSS-EXAMINATION BY MR. UZDAVINIS:
 3        Q.   Just to be clear with respect to both counts
 4   one and counts -- I'm sorry, counts one and count two.
 5   In acting recklessly with regard to both counts, you did
 6   so under circumstances manifesting extreme indifference
 7   to the value of human life as stated in the accusation
 8   you're pleading guilty to?
 9        A.   Yes.
10        Q.   And you -- uh, you also acknowledged by
11   pleading guilty to this accusation with respect, once
12   again, to both counts one and two involving victims
13   identified as initials A.C. and T.J. respectively that
14   in effectuating those arrests you did indeed use
15   excessive force, meaning specifically force that was in
16   excess of that which would have been reasonably
17   necessary to effectuate that -- those arrests?
18        A.   Yes.
19             MR. UZDAVINIS:  Okay.  That's all, Your Honor.
20             THE COURT:  Any follow-up, Counsel?
21             MR. BUTCHKO:  No, Your Honor.  Thank you.
22             THE COURT:  No.  Okay.  I'm satisfied based on
23   the representation of Counsel, my review of the plea
24   agreement, my colloquy with the defendant, his answers
25   in my questions, his answers to the attorneys plural
```

                        Court Decision                       13

```
 1   questions, that he has knowingly, voluntarily,
 2   intelligently waived his right to a Grand Jury
 3   presentation and his right to a trial.
 4             He understands the maximum penalties
 5   associated with the plea of guilty to counts one and two
 6   of Accusation 19-11-113 charging him with aggravated
 7   assault a viol -- third degree offenses in violation of
 8   2C:12-1(b)(7).  And he understands what the plea calls
 9   for by way of a sentencing recommendation.
10             There is  now a factual basis that would
11   support the entry of the plea to both counts one and two
12   of the accusation in terms of the reckless indifference
13   standard because that particular part of the statute
14   does deal separately with other issues and other
15   requisite mens rea.  So I will make that finding.
16             We will set sentencing -- Ana, what's that
17   date in January that I have?  The 6th?
18             THE COURT CLERK:  January -- January 3rd.
19             THE COURT:  Lets -- we can do it -- I know
20   that there's probably going to be -- there's going to be
21   some paperwork because there is going to be an argument
22   made at the time of sentencing -- well, among other
23   arguments, for the civil reservation issue that the
24   Court is going to need to determine at that time.  I
25   want to give Counsel enough time.  And in our conference
```

```
 1   very briefly that we had in the back to discuss the
 2   plea, we talked in terms of sentencing date, but I think
 3   Counsel indicated that he might have a trial coming up.
 4             So bring it into January, lets talk in terms
 5   of dates.  So the 3rd is the first Friday after the New
 6   Year.  The 10th, the 17th, the 24th, any of those dates
 7   good for you or better than the other?
 8             MR. BUTCHKO:  Judge, I -- it's my
 9   understanding we won't be at trial on Fridays, so any
10   Friday in January would be good.
11             THE COURT:  What will give you enough time to
12   make sure everything is done?  If I make it -- how abut
13   I make it the 17th?
14             MR. BUTCHKO:  That's fine, Judge.
15             THE COURT:  The middle of the month.
16             MR. BUTCHKO:  That's fine.
17             MR. UZDAVINIS:  Could we request a ready hold,
18   Your Honor?
19             THE COURT:  Do you want to do that in the
20   afternoon or do you want to do --
21             MR. UZDAVINIS:  Either late morning or early
22   afternoon.
23             THE COURT:  Is 1:30 better time for everybody?
24             MR. BUTCHKO:  No, anytime, Judge.
25             THE COURT:  Anybody in the back have an
```

                              Colloquy                       15

```
 1   opinion one way or the other?  I presume since they're
 2   here today they want to be here for that.  So why don't
 3   we make it the 17th at 1:30 in the afternoon.  Okay.
 4             MR. BUTCHKO:  Okay.  Thank you very much,
 5   Judge.
 6             THE COURT:  Sometimes it's just easier in the
 7   afternoon and there's less of a crowd and I have a
 8   little bit more time in the event that people need to be
 9   heard.  Okay.
10             MR. UZDAVINIS:  Thank you, Your Honor.  Um,
11   could for purposes of the presentence report, I did
12   bring a packet of discovery, I think --
13             THE COURT:  You can probably drop it off --
14   he's -- in fact, he's going to go downstairs right now.
15   I'm sorry.  I should have said that out loud.  They
16   might need you to come back because it's late in the
17   day.  Take the elevator to the first floor.  When you
18   get out, go to the left.  The last office area on the
19   left before you hit the metal detector is Criminal Case
20   Management.  You're gonna go talk to them.  A probation
21   officer needs to interview you to prepare what's called
22   a presentence report.
23             Your attorney will get a copy, I get a copy,
24   and the State will get a copy.  Your attorney will in
25   all probability review it with you before -- well,
```

```
 1    either on the -- typically it's on the date that you
 2    come in for sentencing, but they upload them sometimes
 3    now into eCourts, so your attorney should have access to
 4    that before that date, so he might review it with you
 5    before then.  So they need to interview you for that.
 6              You might need to come back on a different
 7    date, depending on what -- whether they have somebody
 8    available to interview you now.  So, Counsel, you can go
 9    drop that off to Criminal Case Management and they'll
10    have an opportunity -- they can have that if they want
11    to for the presentence report and go from there.
12              MR. UZDAVINIS:  Thank you.  I should have
13    added as well, Your Honor, that we are set up to have
14    the defendant processed today as well.
15              THE COURT:  Okay.  Perfect.  So you need to
16    follow-up with that too.  So you might need to get --
17    where -- where are you going to do that?
18              MR. UZDAVINIS:  Our detectives coordinated
19    with the sheriff.
20              THE COURT:  Sheriff?
21              MR. UZDAVINIS:  Yeah.
22              THE COURT:  So you're going to go down to the
23    second floor first.  You have the documents?  You're
24    taking him down?  Okay.  So we have a sheriff's officer
25    -- that's two stops then.  You're going to go
```

                              Colloquy                         17

```
 1    downstairs, they live scan you, process the -- process
 2    the warrant or the summons, whatever it is -- summons?
 3              MR. UZDAVINIS:  Yeah, it's the complaint
 4    summons.
 5              THE COURT:  Okay.  The summons.  I just want
 6    to make sure he doesn't get taken into custody.
 7              MR. UZDAVINIS:  No.
 8              THE COURT:  It's a summons.  You're going to
 9    be -- you're going to be printed.  Then you can go
10    downstairs, stop into to Criminal Case Management, if
11    they can't see you today they're going to give you a
12    date to come back.  Okay?
13              THE DEFENDANT:  Okay.
14              THE COURT:  All right.  Very good.  Good luck
15    to you guys.
16              MR. BUTCHKO:  Thank you, Judge.
17              THE COURT:  We'll see you in January.
18
19       (Whereupon Proceeding Concluded at 3:53:56 p.m.)
20                           - - - - -
21
22
23
24
25
```

Case 1:19-cv-12002-RMB-AMD   Document 64-9   Filed 10/17/20   Page 10 of 10 PageID: 779
EXHIBIT D--Dixon Motion (Capps v. Millville, et als.)

```
 1                        CERTIFICATION
 2
 3
 4        I, SARAH D'AGOSTINO, CTR, the assigned transcriber,
 5   do hereby certify the forgoing transcript of proceedings
 6   on November 20th, 2019, JAVS, 2019-11-20, Index 3:40:13
 7   to 3:53:56, Cumberland County Superior Court, is
 8   prepared in full compliance with the current Transcript
 9   Format for Judicial Proceedings and is a true and
10   accurate compressed transcript of the proceedings as
11   recorded.
12
13
14
15
16
17
18        SARAH D'AGOSTINO
19   /S/ SARAH D'AGOSTINO, AOC# 696
20
21
22   THE TYPE-RIGHT-ER                    DATE: 12/6/19
23
24
25
```