**REYNOLDS & HORN, P.C.**
116 South Raleigh Avenue
Suite 9B
Atlantic City, NJ 08401
609-335-4719
By: Thomas B. Reynolds, Esquire
(Atty. ID #019311982)
Attorney for Defendant, Officer Joseph Dixon
File No. 8111-TBR

| | |
|---|---|
| AUDRA CAPPS; AND DOUGLAS ROBERT GIBSON, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH DIXON; BRYAN ORNDORF; JODY FARABELLA; CITY OF MILLVILLE; JOHN/JANE DOE(S),<br><br>Defendants. | THE UNITED STATES DISTRICT COURT<br><br>CIVIL NO. 1:19-CV-12002-RMB-AMD<br><br>CIVIL ACTION<br><br>**ANSWERS TO INTERROGATORIES BY DEFENDANT JOSEPH DIXON** |

<u>Defendant Joseph Dixon's answers to Plaintiffs' Interrogatories</u>

1. Objection as irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving said objections, this answering party hereby asserts protections, rights and privileges under federal and state law.

2. Joseph Dixon, Geissinger Ave., Millville, NJ.

3. On the date and time in question, while in the course of employment as police officer for the Millville Police Department, this answering party conducted an investigation, arrest based on probable cause, and charging of plaintiff Audra Capps with driving while intoxicated and resisting arrest, to which offenses plaintiff pled guilty. Further details of the incident, including the physical force which was utilized to counter plaintiff's resisting and in order to effect the arrest, are specifically described in this answering party's police investigation, arrest and related reports maintained by the Millville Police Department. At no time did this answering party intend to cause physical injuries to the plaintiff, and in a negotiated plea agreement based, on retrospect and other factors, this answering party subsequently pled guilty in Superior Court to reckless conduct in

the use of greater force than was necessary, in hindsight, to effectuate Ms. Capps' arrest.

4. See prior answer, this answering parties' responsive pleadings, separate defenses, and as may be supplemented during the course of continuing investigation and discovery.

5. Parties to this action, their agents, servants and employees, and all persons identified in the course of discovery responses and documents produced in this matter.

6. See statements reflected in all police investigation, arrest, court and related reports and documents, video and audio recordings, that have been exchanged among the parties. See also plaintiff's and witnesses' statements to and by healthcare providers, law enforcement and court personnel set forth and referenced in documents produced in this matter. This answering party reserves the right to amend and supplement this response in the course of continuing investigation and discovery.

7. See police, hospital, healthcare provider and court documents described above.

8. Plaintiff bears the burden of proof on causation and damages issues, and this answering party denies plaintiff's allegations of causation and damages claimed in this matter. To be supplied if and when expert witnesses are retained and reports produced. This answering party further reserves the right to amend and supplement this response.

9. See prior responses.

10. See prior responses.

11. To be supplied.

12. Objection as overly broad. Without waiving said objections, citations to specific provisions of federal and New Jersey statutes, regulations, rules and or applicable ordinances will be supplied.

13. With regard to documents regarding insurance coverage provided by this answering party's employer through Atlantic County Municipal Joint Insurance Fund, to be supplied.

14. See all documents and materials described above. This answering party reserves the right to amend and supplement this response during the course of continuing investigation and discovery.

15. See prior responses.

16. This answering party has no direct, independent knowledge of the subject matter contained in Request for Production #13, as the information described therein relates to the conduct and operations of Millville Police Department's Internal Affairs.

17. Objection to question as to lack of foundation and other grounds. Without waiving said objections, this matter is the first lawsuit, arising out of this answering party's course of employment in law enforcement.

18. Objection as interrogatory is overbroad, vague, and calls for legal conclusions. Without waiving said objections, answering party maintains that all actions at issue in this matter were based upon, and undertaken in, good faith in the enforcement of the law pursuant to official duties.

19. Not applicable.

20. Objection as overbroad and general. Without waiving said objections, please refer to information and documentation maintained by Millville Police Department.

21. See prior responses.

22. See prior responses.

23. See prior responses.

24. Objection as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to Millville Police Department records regarding a duty suspension, verbal counseling, and duty reassignments.

25. Objection based on privilege.

## CERTIFICATION

I hereby certify that the foregoing Answers to Interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of any reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Dated: _____04/07/2020_____

Joseph S. Dixon Sr. ----------------------------------    Joseph Dixon

4