# REYNOLDS & HORN, P.C.



ATTORNEYS AT LAW
*A PROFESSIONAL CORPORATION*

WWW.REYNOLDSHORNLAWYERS.COM

116 South Raleigh Avenue
Suite 9B
Atlantic City, New Jersey 08401
Telephone (609) 703-9663
Fax (609) 939-2386

THOMAS B. REYNOLDS
treynolds_rhlaw@comcast.net
Direct (609) 335-4719

STEVEN M. HORN †
noappeal@comcast.net
Direct (609) 703-9663

† CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

July 18, 2022

<u>Via ECF</u>
Hon. Ann Marie Donio, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen U.S. Courthouse, Room 2010
1 John F. Gerry Plaza
4th & Cooper Streets
Camden, New Jersey  08101

Re:  Audra Capps, et al. v. Joseph Dixon, et al.
      Case No.:  1:19-cv-12002-RMB-AMD

      Tanika Joyce v. Joseph Dixon, et al.
      Case No.:  1:20-cv-01118-RMB-AMD

      Barry Cottman v. Joseph Dixon, et al.
      Case No. 1:19-cv-14122-NLH-AMD

Dear Judge Donio:

Please accept this letter reply on behalf of Defendant Joseph Dixon, to the letter by Plaintiffs' counsel filed July 6, 2022 in the above matters.

Dixon continues to maintain that there is no basis for a finding of spoliation, or for sanctions, under F.R.C.P. 37(e), as he has not purposely or intentionally deleted electronically stored information that is relevant to the claims and or defenses of any of the Plaintiffs or any other parties in the pending matters, under applicable law previously submitted to the Court. Dixon has complied with prior discovery orders entered in this litigation.  As he stated in his

July 18, 2022
Page 2

discovery deposition on ESI matters taken October 21, 2021, Dixon testified that to his knowledge he did not exchange text messages with any co-workers regarding police investigations or cases that he was working on (p. 44), and on his prior social media account he did not make any posts about Audra Capps, Tanika Joyce or Barry Cottman (p.106). Dixon also testified that when he and his wife were eligible for an upgrade of their cellphones, Dixon exchanged his prior Iphone 10 for his current Iphone 13, in October, 2021. At that time, Dixon believed that everything on his prior phone was preserved, and the data could be accessible through his current phone or through the cloud; when questioned further Dixon stated he was not sure, to the best of his knowledge, if any data was lost (Dixon ESI deposition, pp.24-26).

In compliance with the Court's May 13, 2022 Order, Dixon has subsequently accessed his text messages preserved on his current phone, utilizing an "imazing2" app, and downloaded those messages to a USB drive, which the undersigned has reviewed. As indicated in my July 5, 2022 correspondence to the Court, the text messages provided are subsequent to April, 2020, and have no relevance to the claims of the Plaintiffs in this matter. Dixon asserts marital privilege with respect to the volume of messages thereon, between spouses.

Under the entirety of the attendant facts and circumstances, there is an insufficient basis for the issuance of sanctions against Joseph Dixon for destruction of any relevant electronic information or evidence. Indeed, the Plaintiffs' argument and requests that an adverse inference be entered against Dixon, are unsupported by any proffer of what the proposed jury instruction would provide or look like. Dixon during his ESI deposition acknowledged he made two social media posts, referred to in the NJ.com article cited in Plaintiffs' complaints, relating to his concern with terrorism and referring to an apparent video of a peaceful arrest, but Dixon repeatedly stated he could not recollect or confirm his exact verbiage. Dixon ESI deposition, pp. 99-101. There is no evidence which establishes or implies any context, circumstances, or remote connection of these general statements on social media, to the 3 arrests in question of Cottman, Capps and Joyce, all of which apprehensions are captured on video recordings produced in this litigation. An adverse inference would consist of conjecture and speculation and result in confusion of the factfinder.

Plaintiffs' repeated reliance on Dixon's guilty pleas in the State criminal action, advanced in support of the motions for discovery sanctions, may well be determined irrelevant in any jury trial, in the event the Court should grant Dixon's motion to be filed, prior to trial, for a limited ruling that those guilty pleas are inadmissible in these federal court civil proceedings. As previously presented to this Court, the evidence shows that Dixon had been the target of a zealous prosecutor's threats to incarcerate him for 10 years if Dixon did not accept the plea offer.

Given the entirety of the circumstances, Dixon, while continuing to assert his prior discovery objections, based on proportionality to the needs of the case and compelling privacy interests, maintains that he has complied with this Court's discovery Orders and rulings, and that the motions for spoliation are without merit.

The interests of Dixon and his counsel are not in conflict with respect to the issues before the Court, and Dixon's defense is prepared to proceed to a conclusion of these matters in a timely manner and in accordance with the law.

Thank you for your Honor's consideration in this matter.

                    Respectfully submitted,
                    REYNOLDS & HORN, PC

By:   */s/ Thomas B. Reynolds*
       Thomas B. Reynolds
       Attorney for Defendant
       Joseph Dixon

Cc:  Louis Shapiro, Esquire (Via ECF)
      Michael Barker, Esquire (Via ECF)
      Justin Loughry, Esquire (Via ECF)

TBR/e